UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE PLUMBING SUPPLY, LLC, d/b/a          :
FAUCET WORKS,                            :
              Plaintiff,       :
v.                                       :
                                        :
EXXONMOBIL OIL CORP., EXXON              :
MOBIL CORP., CPD NY ENERGY               :
CORP., CUMBERLAND FARMS, INC.,           :      **OPINION AND ORDER**
and JOHN DOES 1-10,                      :
           Defendants.         :      14 CV 3674 (VB)
-------------------------------------------------------------x
CPD NY ENERGY CORP.,                     :
        Third-Party Plaintiff,     :
v.                                       :
                                        :
CUMBERLAND FARMS, INC.,                  :
GROUNDWATER & ENVIRONMENTAL              :
SERVICES, INC., and JOHN DOES 1-10,      :
        Third-Party Defendants.    :
-------------------------------------------------------------x

Briccetti, J.:

       By Opinion and Order dated March 28, 2016 (Doc. #268, hereinafter "Plumbing Supply II"), the Court granted defendant CPD NY Energy Corp.'s ("CPD") motion for judgment on the pleadings (Doc. #175); granted defendant Cumberland Farms, Inc.'s ("CFI") motion to dismiss plaintiff's Second Amended Complaint ("SAC") (Doc. #147); and granted in part and denied in part CFI's motion to dismiss CPD's First Amended Third Party Complaint ("FATPC") (Doc. #161).

       Plaintiff moved for reconsideration of Plumbing Supply II under Local Civil Rule 6.3, or alternatively for leave to amend the SAC. (Doc. #275). Before any defendant filed opposition, the Court reserved ruling on whether it would reconsider the dismissal of plaintiff's nuisance claims against CPD and CFI insofar as they seek only injunctive relief. (Doc. #285, hereinafter

"Plumbing Supply III").  The Court denied plaintiff's motion in all other respects.  (Id.).  CPD

and CFI oppose the motion for reconsideration.

Additionally, CPD moved for leave to amend the FATPC and its cross-claims against

defendant Exxon Mobil Corp. ("EMC").  (Doc. #271).  CFI, EMC, and third-party defendant

Groundwater & Environmental Services, Inc. ("GES") oppose the motion.

For the reasons set forth below, plaintiff's motion for reconsideration, as it pertains to the

nuisance claim, is GRANTED.  CPD's motion for leave to amend is GRANTED as to the claims

against CFI and EMC, and DENIED as to the claims against GES.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a).

**DISCUSSION**

Familiarity with Plumbing Supply II and Plumbing Supply III and the factual background

contained therein is presumed.

I.      Plaintiff's Motion for Reconsideration

"To prevail on a motion for reconsideration, the movant must demonstrate 'an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice.'"  Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154

F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d

782, 789 (2d Cir. 1983)).  Although the motion "may not advance new facts, issues, or

arguments not previously presented to the court," Randell v. United States, 64 F.3d 101, 109 (2d

Cir. 1995) (internal citation omitted), nevertheless, "[r]econsideration of a previous order by the

court lies squarely within the court's sound discretion."  Anwar v. Fairfield Greenwich Ltd., 745

F. Supp. 2d 379, 382 (S.D.N.Y. 2010).

The Court dismissed plaintiff's nuisance claim against CFI and CPD (Count Six) as time-barred by N.Y. C.P.L.R. § 214-c(2).  Plumbing Supply, LLC v. ExxonMobil Oil Corp., 2016 WL 1249611, at *9-10 (S.D.N.Y. Mar. 29, 2016).  This statute's three year limitations period applies to plaintiff's nuisance claim for monetary damages.  Id. at *6; Hanna v. Motiva Enters., LLC, 839 F. Supp. 2d 654, 657, 663 (S.D.N.Y. 2012).  However, it does not apply to claims for injunctive relief.  See N.Y. C.P.L.R. § 214-c(2) (referring to "the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance") (emphasis added); Bano v. Union Carbide Corp., 361 F.3d 696, 709-10 (2d Cir. 2004) ("[T]he timeliness of a claim for injunctive relief is not governed by [Section 214-c(2)].").

Plaintiff argues, for the first time on motion for reconsideration, that the Court should not have dismissed its nuisance claim because it timely seeks injunctive relief.  Indeed, Count Six of the SAC seeks both injunctive relief and damages.  (SAC ¶ 278 ("Defendants are liable, jointly and severally, to abate the nuisance at the Faucet Works Site, and for damages that the Plaintiff has sustained, and continues to sustain[.]")).  Therefore, the Court erred by applying C.P.L.R. § 214-c(2) to a claim seeking injunctive relief.

Neither CPD nor CFI argue the Court correctly dismissed this claim.  Instead, both contend the Court should not reconsider its ruling because plaintiff did not argue this before.  (CFI's Br. at 2-6; CPD's Br. at 1-3).  Additionally, CFI argues dismissing the nuisance claim would not be manifestly unjust because "plaintiff has adequate relief available under" its Resource Conservation and Recovery Act ("RCRA") claim.  (CFI's Br. at 6).  However, plaintiff only asserts a RCRA claim against ExxonMobil Oil Corp and CPD—the past and present owners

of the Mobil station—not against EMC and CFI, the past and present owners of the Gulf station. Without the nuisance claim, plaintiff would have no remaining claims against CFI.

CPD's and CFI's first point is well-taken—plaintiff should have raised this argument when it opposed the original motions. Nevertheless, the Court exercises its discretion to reinstate the nuisance claim for injunctive relief only.

Someone, not plaintiff, spilled petroleum that migrated onto plaintiff's property. The source of the petroleum is sharply in dispute. If the Court does not reinstate this timely, adequately pleaded claim, plaintiff could be left without a remedy against the responsible party or parties for no other reason than its own inartful motion practice. Local Civil Rule 6.3 does not require this manifestly unjust result. See Anwar v. Fairfield Greenwich Ltd., 745 F. Supp. 2d at 383 ("[T]o the extent [plaintiff's opposition] was not explicit enough regarding the negligence claims, it would be unfair for [the] properly pled negligence claims to be dismissed because of this technicality.").

Accordingly, upon reconsideration, plaintiff's claim for nuisance, insofar as it seeks only injunctive relief, is not dismissed as time-barred.

II.     CPD's Motion for Leave to Amend

Rule 15(a)(2) allows a party to amend its complaint only with the opposing party's consent or leave of court. While leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive . . . or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

4

CPD's proposed Second Amended Third Party Complaint (Doc. # 272-1, hereinafter "SATPC") re-pleads claims against CFI and GES, and CPD's proposed First Amended Cross-Claims re-pleads claims against EMC.  (Doc. #305-1,[1] hereinafter "ACC").  Because CPD's proposed amendments to its claims against CFI and EMC are substantially the same, the Court discusses these together, and then turns to CPD's proposed amendments to its claims against GES.

      A.      <u>Claims against CFI and EMC</u>

The Court dismissed CPD's Navigation Law claim against CFI (Count Two) in the FATPC as time-barred because CPD did not allege the New York Department of Environmental Conservation ("DEC") approved CPD's "cleanup and removal costs."  <u>Plumbing Supply, LLC v. ExxonMobil Oil Corp.</u>, 2016 WL 1249611, at *9.  CPD must plead this for a six-year limitations period to apply, because without DEC approval, costs incurred do not fall within the statutory definition of recoverable "cleanup and removal costs."  <u>Id</u>. at 13-14; <u>In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.</u>, 2007 WL 1601491, at *18 (S.D.N.Y. June 4, 2007).

Now, CPD moves to amend both the FATPC and its cross-claims against EMC to allege facts showing it <u>did</u> have DEC approval to incur cleanup and removal costs.  In doing so, CPD seeks to revive its Navigation Law claim against CFI and avoid dismissal of its similar claim against EMC.[2]  Specifically, CPD claims it contracted with GES to remediate plaintiff's property in accordance with work plans GES submitted to the DEC in 2007 and 2012.  CPD claims the

---

[1]     CPD revised its proposed amended cross-claims to correct a typographical error in response to EMC's opposition.  Therefore, the Court considers the revised version.

[2]     EMC intends to move for judgment on the pleadings or summary judgment on this claim for substantially the same reasons as the Court dismissed it as to CFI.  (Doc. #270).

2007 plan was "implicitly or explicitly approved" by the DEC in 2008 (SATPC ¶ 73; ACC ¶ 49),

and the 2012 plan was explicitly approved in 2012.

At this stage in the proceedings, CPD's new allegations sufficiently allege it incurred

"cleanup and removal costs" as defined by the Navigation Law.  Failure to plead DEC approval

was the only reason CPD's Navigation Law claim for reimbursement of cleanup and removal

costs was time-barred.  Plumbing Supply, LLC v. ExxonMobil Oil Corp., 2016 WL 1249611, at

*9.  Therefore, CPD's proposed amendment fixes the only pleading deficiency for this claim.

Because Fed. R. Civ. P. 15(a)(2) requires leave to amend to be "freely give[n] . . . when

justice so requires," the Court grants CPD leave to amend its pleadings to rescue its Navigation

Law claims from dismissal.  It would be unjust to deny CPD the opportunity to meet a technical

pleading requirement when it has otherwise stated a valid claim.

CFI and EMC raise several arguments in opposition to CPD's motion.  None has merit.

First, CFI argues the Court's Individual Practice ¶ 2(D) requires CPD to show "special

circumstances" justifying amendment of the FATPC because CPD did not amend following

CFI's motion to dismiss.  (CFI's Br. at 4-8, citing Individual Practices of Judge Briccetti ¶ 2(D)).

However, Individual Practice ¶ 2(D) does not apply here.  Following CFI's motion to dismiss,

the Court never issued "an order requiring [CPD], within ten days, to notify the Court and [CFI]

whether it intends to file an amended pleading, or will rely on the pleading being attacked."

Individual Practices of Judge Briccetti ¶ 2(D).[3]

---

[3]     CFI and EMC also rely on State Trading Corp. of India v. Assuranceforeningen Skuld,
921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party has had an opportunity to assert the
amendment earlier, but has waited until after judgment before requesting leave, a court may
exercise its discretion more exactly.").  Unlike this case, State Trading Corp. of India
concerned amendment following a grant of summary judgment, which ended the entire case.  In
any event, the Court declines to "exercise its discretion more exactly" here.  Id.

Second, CFI and EMC argue CPD has known about the information it seeks to include in the amended pleadings for a long time.  This may be true, but under the circumstances, the Court cannot find CPD omitted this information from the FATPC in "bad faith" or with a "dilatory motive."  Burch v. Pioneer Credit Recovery, Inc., 551 F.3d at 126.  At worst, CPD failed to predict the Court would require it to plead DEC approval.  This does not warrant the dismissal of a claim it can plead adequately when given another chance.

Third, CFI argues granting CPD leave to amend would cause CFI undue delay and prejudice by "requiring [CFI] to file another response to CPD's pleadings."  (CFI's Br. at 8).

If CFI is concerned about briefing another motion to dismiss, that fear is unfounded.  As discussed below, the Court finds amendment here is not futile.  Amendment is not futile when the amended claim would withstand a motion to dismiss.  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).  Accordingly, by allowing this amendment, the Court has decided CPD's Navigation Law claim, as amended, states a claim under Rule 12(b)(6).  If CFI moved to dismiss CPD's Navigation Law claim as time-barred, the Court would deny the motion for the reasons set forth in this Opinion and Order.  Therefore, motions to dismiss this claim will not cause further delay.[4]  Nor will the de minimis burden on CFI to file a new answer.

Moreover, CFI will suffer little prejudice.  Discovery began before Plumbing Supply II was decided, and is ongoing.  Because CPD still has indemnification and contribution claims against CFI, CFI has always known it should take discovery on whether it is responsible for contaminating plaintiff's property.  Therefore, reinstating CPD's Navigation Law claim less than two months after it was dismissed will not greatly expand or change CFI's goals in discovery.

---

[4]   Additionally, because CFI's only ground to dismiss CPD's Navigation Law claim was statute of limitations (Doc. #162 at 6-9), it cannot move to dismiss again on any other grounds.

Finally, CFI and EMC argue amendment is futile.  According to the proposed amendments, CPD incurred cleanup and removal costs pursuant to the 2007 and 2012 plans, which were made in response to Spill Report 89-13000.  CFI and EMC claim this shows two things: (i) CPD was at least partially at fault for the spill and therefore cannot recover under N.Y. Nav. L. § 181;[5] and (ii) the costs were incurred more than six years before CPD filed suit in 2015, outside the limitations period.  Furthermore, CFI and EMC argue the costs associated with CPD's 2012 Indoor Air Quality Assessment Work Plan are not adequately pleaded as "cleanup and removal costs" and therefore cannot be recovered under the Navigation Law.

None of these arguments about futility is persuasive.

First, CPD maintains even if it did spill petroleum onto its own property, it caused no part of the spill on plaintiff's property, because the petroleum on plaintiff's property came solely from the Gulf station.  This is an issue of fact that cannot be resolved on the pleadings.

Second, CPD alleges it incurred costs in and after 2011 based on remediation work GES performed pursuant to the 2007 plan.  These costs would have been incurred within the limitations period, even if the plan was approved earlier.

As for the work undertaken pursuant to the 2012 plan, "cleanup and removal" is defined broadly under the Navigation Law, and includes the "taking of reasonable measures to prevent or mitigate damages to the public health, safety, or welfare, including . . . private property."  N.Y. Nav. L. § 172(4); see also State v. Neill, 17 A.D.3d 802, 803-04 (3d Dep't 2005) (noting the "broad definition" of "cleanup and removal").  CPD's and GES's plan to assess and remediate the air quality inside plaintiff's property, though not pleaded in detail, falls within this broad definition because it seeks to mitigate petroleum-related damages to plaintiff's property.

---

[5]    Parties who are partially at fault for discharging petroleum cannot recover under Section 181.  Niagara Mohawk Power Corp. v. Chevron U.S.A. Inc., 596 F.3d 112, 137 (2d Cir. 2010).

Therefore, leave to amend is warranted.

B.      Claims against GES

CPD also seeks "to remove and combine its various claims in the [FATPC] against GES to be consistent with the Court's prior rulings and CPD's prior acknowledgment that certain claims were duplicative." (CPD's Br. at 3). GES opposes the motion. CPD represents it "does not seek to add any claims against GES" in the proposed SATPC. (Id. at 6). The proposed SATPC also does not add factual content in support of these claims. Rather, it drops some claims and reorganizes the allegations contained in others. In particular, CPD seeks to re-plead parts of the FATPC's claims for "Breach of [the] Duty of Implied Covenant Of Good Faith and Fair Dealing" (Count Eleven), "Performance of Work in An Unworkmanlike Manner" (Count Twelve), and Negligence (Count Fourteen) not as distinct, stand-alone claims but as legal theories supporting its claim against GES for breach of contract (Count Three).

GES has moved to dismiss the FATPC twice. The Court denied the first motion without prejudice on March 16, 2016, because GES and CPD went to arbitration and obtained a decision after the first motion was filed. This development required re-briefing the motion. (Doc. #265).

By order dated March 30, 2016, almost two weeks before CPD filed its motion for leave to amend, the Court set a briefing schedule for GES's second motion to dismiss, as well as CPD's cross-motion for summary judgment based on the arbitration decision. (Doc. #269). In accordance with the schedule, GES filed its motion on April 20, 2016 (Doc. #281), and CPD cross-moved on May 4, 2016. (Doc. #308). The motions should be fully submitted by June 8, 2016.

The Court denies GES's motion to amend its claims against GES. Because the proposed SATPC does not add claims against GES, or factual content pertaining to these claims,

amendment at this moment would serve no purpose.  Additionally, the briefing on GES's motion

to dismiss is nearly finished, and amendment of these claims may require this motion to be

briefed a third time.  Under the circumstances, this constitutes undue delay.

Instead, the Court will rule on GES's and CPD's cross-motions in due course.  If, as CPD

contends, some claims ought to be dismissed consistent with the Court's prior rulings, CPD

should not oppose the motion as to these claims.  If factual allegations or legal theories in Counts

Eleven, Twelve, and Fourteen (or anywhere else) support CPD's contract claim, the Court will

give them due consideration in ruling on GES's motion to dismiss.

Because CPD will be filing a SATPC to amend its claims against CFI, GES's motion to

dismiss the FATPC will be converted into a motion to dismiss the SATPC.  However, in

accordance with this Opinion and Order, the SATPC's claims against GES, and the underlying

factual allegations, shall be identical to those in the FATPC.  Therefore, no re-briefing will be

necessary or allowed.

## CONCLUSION

Plaintiff's motion for reconsideration is GRANTED as to the nuisance claim (Count Six) against CPD and CFI insofar as it seeks injunctive relief only.

CPD's motion for leave to amend is GRANTED as to the claims against CFI and EMC, and DENIED as to the claims against GES.

By June 3, 2016, CPD shall file a Second Amended Third Party Complaint and First Amended Cross Claims in accordance with this Opinion and Order.

The Clerk is directed to terminate the motions.  (Docs. ##271, 275).

Dated: May 27, 2016
      White Plains, NY                SO ORDERED:

                                          _____
                                          Vincent L. Briccetti
                                          United States District Judge