EXHIBIT E

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF WESTCHESTER

THE PLUMBING SUPPLY, LLC d/b/a FAUCET WORKS
and FRANK SABIA,

       *Plaintiffs*,

   - against -

CUMBERLAND FARMS INC., CPD NEW YORK ENERGY
CORPORATION, and JOHN DOE 1 through JOHN DOE 10,

       *Defendants.*

Index No.:

**SUMMONS**

**To The Above-Named Defendants:**

    **You Are Hereby Summoned** to answer the complaint in this action and to serve a copy of your answer on plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates Westchester County as the place of trial based on the location of the property which is the subject of this action and the local in which all parties transacted business.

Dated:   White Plains, New York
       October 19, 2018

                    **Cermele & Wood LLP**

                  By: _____
                    Mark Cermele
                    Eric Lindquist
                    *Attorneys for Plaintiffs*
                    2 Westchester Park Drive, Suite 110
                    White Plains, New York 10604
                    (914) 967-2753
                    mark@cw.legal

**To:**   Cumberland Farms Inc.
165 Flanders Road
Westborough, Massachusetts 01581

CPD New York Energy Corporation
536 Main Street
New Paltz, New York 12561

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

-----------------------------------------------------------------------x

THE PLUMBING SUPPLY, LLC d/b/a FAUCET      :    Index No.
WORKS and FRANK SABIA,      :
     :
           *Plaintiffs*,      :
     :
     - against -      :    **COMPLAINT**
     :
CUMBERLAND FARMS INC., CPD NEW YORK      :
ENERGY CORPORATION, and JOHN DOE 1 through      :
JOHN DOE 10,      :
     :
           *Defendants*,      :

----------------------------------------------------------------------- x

Plaintiffs, THE PLUMBING SUPPLY, LLC, d/b/a FAUCET WORKS ("Faucet Works")

and Frank Sabia, by their attorneys, CERMELE & WOOD LLP, as and for their Complaint against

Defendant, CUMBERLAND FARMS, INC. ("CFI"), and CPD NEW YORK ENERGY

CORPORATION ("CPD") alleges as follows:

## THE PARTIES

1.      Plaintiff Faucet Works is a domestic limited liability company organized under the

laws of the State of New York, having its principal place of business at 395 White Plains Road,

Eastchester, New York, 10709 (the "Faucet Works Site"). Faucet Works owns and operates a

plumbing supply store on the Faucet Works Site.

2.      Plaintiff Frank Sabia is a natural person residing at 34 Vernon Drive, Scarsdale,

New York 10583 in the state of New York. He is President and Sole Managing Director of The

Plumbing Supply, Inc., d/b/a Faucet Works.

3.      Upon information and belief, CFI is and was at all times relevant to the allegations

set forth in the Complaint a corporation incorporated in the state of Delaware with a principal place

of business at 165 Flanders Road, Westborough, Massachusetts 01581, and authorized to conduct

business in the state of New York. CFI owns and operates, among others, a gasoline service station at 381 White Plains Road, Eastchester, New York (the "CFI Site").

4.       Upon information and belief, CPD is a domestic corporation having its principal place of business at 536 Main Street, New Paltz, New York 12561. CPD owns and operates, among others, a gasoline service station at 407 White Plains Road, Eastchester, New York (the "CPD Site").

5.       This action arises out of oil spills on the CFI Site and the CPD Site, respectively, that have caused toxic petroleum and ethanol contaminants to permeate the soil and groundwater on and under the Faucet Works Site.

<strong>THE CPD SPILL</strong>

6.       The CPD Site is located north and immediately adjacent to the Faucet Works Site.

7.       On January 1, 2018, the New York Department of Environmental Conservation ("DEC") opened Spill Record No. 1709286 concerning the CPD site (the "CPD Spill Record").

8.       The CPD Spill Record states a spill time of 9:00 a.m. on January 1, 2018.

9.       The CPD Spill Record states that unknown quantities of ethanol and gasoline were spilled, affecting the groundwater.

10.      Gasoline is a clear liquid fuel refined from petroleum.

11.      Ethanol is a gasoline additive used to lower greenhouse gas emissions from gasoline-powered engines.

12.      Upon information and belief, the spill recorded in the CPD Spill Record (the "CPD Spill") occurred some time previous to the date on which it was reported.

13.      Upon information and belief, the ethanol and petroleum referred to in the CPD Spill Record entered the groundwater under the CPD Site as the result of a spill of gasoline containing

2

ethanol from either (a) an underground storage tank on the CPD Site or (b) from an aboveground source onto the soil of the CPD Site.

14.     Upon information and belief, as a result of the CPD Spill ethanol and gasoline have migrated from the soil and groundwater on and under the CPD Site to the soil and groundwater on and under the Faucet Works Site.

## THE CFI SPILL

15.     The CFI Site is located south and immediately adjacent to the Faucet Works Site.

16.     On October 2, 2017, the DEC opened Spill Record No. 1706455 concerning the CFI Site (the "CFI Spill Record").

17.     The CFI Spill Record states a spill time of 11:00 a.m. on October 2, 2017.

18.     The CFI Spill Record states that an unknown quantity of petroleum was spilled, affecting the soil of the CFI Site.

19.     Upon information and belief, the spill recorded in the CFI Spill Record (the "CFI Spill") occurred at some time previous to the date on which it was reported.

20.     Upon information and belief, petroleum from the CFI Spill has entered the groundwater under the CFI Site.

21.     Upon information and belief, as a result of the CFI Spill petroleum has migrated from the soil and groundwater under the CPD Site to the soil and groundwater under the Faucet Works Site.

## HEALTH RISKS OF THE CONTAMINATION

22.     The gasoline and petroleum mentioned in the CPD Spill Record and the CFI Spill Record, respectively, consist of or include non-aqueous phase liquids ("NAPL"), or "free product" petroleum.

3

Case 7:14-cv-03674-VB-PED   Document 475-5   Filed 11/14/18   Page 7 of 21

23.     Volatile Organic Compounds ("VOCs") and other toxic petroleum compounds have migrated from the CPD Site and the CFI Site as a result of the CPD Spill and the CFI Spill and permeated the soil and groundwater under the Faucet Works Site.

24.     VOC contamination of the soil and groundwater under the CPD Site, the CFI Site and the Faucet Works Site includes benzene, toluene, ethylbenzene, and xylene ("BTEX").

25.     VOCs such as BTEX, even at low levels, pose a risk of chronic health effects, especially due to long-term exposure.

26.     Immediate exposure to VOCs can cause eye and respiratory tract irritation, headaches, dizziness, visual disorders, fatigue and memory impairment.

27.     Potential long-term effects of exposure to VOCs include damage to the liver, kidneys and central nervous system and the development of cancer.

### PLAINTIFF FRANK SABIA'S HEALTH ISSUES

28.     Previous petroleum spills on the CPD Site and the CFI Site have contaminated soil and groundwater on and under the Faucet Works Site, causing VOCs, including BTEX and other toxic compounds to permeate the air in the building on the Faucet Works Site at levels far above the maximums permitted under applicable state and federal laws.

29.     For many years Plaintiff Frank Sabia has been continuously exposed to the contaminated air in the building on the Faucet Works Site, causing him to suffer severe health problems consistent with exposure to BTEX and other toxic compounds.

30.     The health problems Plaintiff Frank Sabia suffers as a result of exposure to BTEX and other toxic compounds include heart disease resulting in a heart attack in 2017, chronic neurological damage, impaired vision, damage to his liver and kidneys, chronic fatigue, and depression.

4

31.     Plaintiff Frank Sabia's additional exposure to BTEX and other toxic compounds as a result of the CPD Spill and the CFI Spill has aggravated, and will continue to aggravate, Mr. Sabia's pre-existing illnesses caused by prior exposure to such compounds.

### FIRST CAUSE OF ACTION
(Strict Liability Under Section 181 of the New York Navigation Law
Against CPD on behalf of Plaintiff Faucet Works)

32.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

33.     Section 181 of the New York Navigation Law provides that "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages."

34.     Section 172(14) of the New York Navigation law defines "person" to include "public or private corporations, companies, associations, societies, firms, partnerships, joint stock companies, individuals."

35.     CPD is a "person" under the Navigation Law.

36.     Pursuant to Section 172(8) of the New York Navigation Law, "discharge" is defined as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters."

37.     Section 172(18) defines "waters" to include "all lakes, springs, streams and bodies of surface or groundwater, whether natural or artificial, within the boundaries of this state."

38.     CPD directly and proximately caused the release and discharge of petroleum, including VOCs and BTEX, at the CPD Site.

5

39. Petroleum, which has been released and discharged at the CPD Site, has migrated onto the Faucet Works Site.

40. The CPD Spill is a release and discharge of petroleum that violates the New York Navigation Law.

41. Plaintiff Faucet Works has been damaged as a result of the releases and discharges of petroleum contaminants at the CPD Site.

42. Pursuant to Sections 181(1) and 181(5) of the New York Navigation Law, Defendants CPD is strictly liable for all direct and indirect damages caused by the CPD Spill, including, without limitation, diminution of property value and any other costs incurred by Plaintiff Faucet Works in connection with the cleanup of petroleum at the Faucet Works Site, in an amount to be proven at trial, but not less than $2,000,000.00, plus interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
(Strict Liability Under Section 181 of the New York Navigation Law
Against CPD on behalf of Plaintiff Frank Sabia)

43. Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

44. Plaintiff Frank Sabia has been damaged as a result of the releases and discharges of petroleum contaminants at the CPD Site Site.

45. Pursuant to Sections 181(1) and 181(5) of the New York Navigation Law, CPD is strictly liable for all of Plaintiff Frank Sabia's direct and indirect damages caused by the CPD Spill, including, without limitation, his physical injuries, pain and suffering, mental anguish, loss of consortium, medical costs and other expenses proximately caused by the CPD Spill, in an amount to be proven at trial but in any event not less than $5,000,000.

6

## THIRD CAUSE OF ACTION
(Strict Liability Under Section 181 of the New York Navigation Law
Against CFI on behalf of Plaintiff Faucet Works)

46.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

47.     CFI is a "person" under the Navigation Law.

48.     CFI directly and proximately caused the release and discharge of petroleum, including VOCs and BTEX, at the CFI Site.

49.     Petroleum, which has been released and discharged at the CFI Site, has migrated onto the Faucet Works Site.

50.     CFI was directly, actively and knowingly involved in the culpable actions or inaction, which led to the migration of petroleum contaminants from the CFI Site to the Faucet Works Site.

51.     CFI was directly, actively and knowingly involved in the culpable actions or inaction, which led to the migration of petroleum contaminants from the CFI Site to the Faucet Works Site.

52.     The CFI Spill is a release and discharge of petroleum that violates the New York Navigation Law.

53.     Plaintiff Faucet Works has been damaged as a result of the releases and discharges of petroleum contaminants at the CFI Site.

54.     Pursuant to Sections 181(1) and 181(5) of the New York Navigation Law, CFI is strictly liable for all direct and indirect damages caused by the CFI Spill, , including, without limitation, diminution of property value and any costs incurred by Plaintiff Faucet Works in

7

connection with the cleanup of petroleum at the Faucet Works Site, in an amount to be proven at trial, but not less than $2,000,000.00, plus interest, costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
(Strict Liability Under Section 181 of the New York Navigation
Law Against CFI on behalf of Plaintiff Frank Sabia)

55.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

56.     Plaintiff Frank Sabia has been damaged as a result of the releases and discharges of petroleum contaminants at the CFI Site.

57.     Pursuant to Sections 181(1) and 181(5) of the New York Navigation Law, CPD is strictly liable for all of Plaintiff Frank Sabia's direct and indirect damages caused by the CPD Spill, including, without limitation, his physical injuries, pain and suffering, mental anguish, loss of consortium, medical costs and other expenses proximately caused by the CPD Spill, in an amount to be proven at trial but in any event not less than $5,000,000.

## FIFTH CAUSE OF ACTION
(Strict Liability Under Section 190 of the New York
Navigation Law Against John Doe Defendants
On Behalf of Plaintiff Faucet Works)

58.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

59.     Upon information and belief, some or all of Defendants John Does 1 – 10 provide environmental liability insurance covering the CPD Spill.

60.     Section 190 of the New York Navigation Law provides that "any claim for damages by any injured person, may be brought directly against the bond, the insurer, or any other person providing evidence of financial responsibility."

8

61.     Defendants John Does 1-10 are strictly liable for all of Plaintiff Faucet Works's direct and indirect damages for all direct and indirect damages caused by the CPD Spill, including, without limitation, diminution of property value and any other costs incurred by Plaintiff Faucet Works in connection with the cleanup of petroleum at the Faucet Works Site, in an amount to be proven at trial, but not less than $2,000,000.00, plus interest, costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
(Strict Liability Under Section 190 of the New York
Navigation Law Against John Doe Defendants
On Behalf of Plaintiff Frank Sabia)

62.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

63.     Upon information and belief, some or all of Defendants John Does 1 – 10 provide environmental liability insurance covering the CFI Spill.

64.     Defendants John Does 1-10 are strictly liable for all of Plaintiff Frank Sabia's personal injuries, pain and suffering, mental anguish, loss of consortium, medical costs and other expenses proximately caused by the CPD Spill, in an amount to be proven at trial but in any event not less than $5,000,000.

### SEVENTH CAUSE OF ACTION
(Negligence Against CPD on Behalf of Plaintiff Faucet Works)

65.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

66.     The migration of petroleum from the CPD Site to the Faucet Works Site in the event of a spill on the CPD Site was reasonably foreseeable under the circumstances.

9

67.     CPD had a duty to use reasonable care to prevent the migration of petroleum from the CPD Site to the Faucet Works Site, and to take reasonable precautions to minimize damage to the Faucet Works Site from any such migration of petroleum.

68.     CPD has breached its said duty owed to Plaintiff Faucet Works.

69.     CPD is liable to Plaintiff Faucet Works in negligence for compensatory damages for all losses of Plaintiff Faucet Works proximately caused by the CPD Spill, including diminution in property value, loss of business turnover and profit, and damage to business goodwill, in an amount to be proven at trial, but no less than $2,000,000.00, plus interest, costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
(Negligence Against CPD on Behalf of Plaintiff Frank Sabia)

70.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

71.     It was reasonably foreseeable under the circumstances that the migration of petroleum from the CPD Site to the Faucet Works Site would cause the air in the building at the Faucet Works Site to become contaminated with VOCs, including BTEX and other toxic compounds.

72.     It was reasonably foreseeable under the circumstances that persons exposed to such contaminated air would suffer personal injury.

73.     CPD had a duty to use reasonable care to prevent the migration of petroleum from the CPD Site to the Faucet Works Site, and to take reasonable precautions to minimize the danger of personal injury to persons exposed to airborne contaminants caused by any such migration of petroleum.

10

Case 7:14-cv-03674-VB-PED   Document 475-5   Filed 11/14/18   Page 14 of 21

74. CPD has breached its said duty by failing to prevent such migration of petroleum or to take such precautions.

75. Plaintiff Frank Sabia was exposed to such contaminants as a result of CPD's negligence.

76. Plaintiff Frank Sabia's heart disease, chronic neurological damage, impaired vision, damage to his liver and kidneys, chronic fatigue, and depression, all have been and will be aggravated by such exposure to such contaminants.

77. CPD is liable for all of Plaintiff Frank Sabia's personal injuries, pain and suffering, mental anguish, loss of consortium, medical costs and other expenses proximately caused by the CPD's negligence, in an amount to be proven at trial but in any event not less than $5,000,000.

## NINTH CAUSE OF ACTION
### (Negligence Against CFI on Behalf of Plaintiff Faucet Works)

78. Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

79. The migration of petroleum from the CFI Site to the Faucet Works Site in the event of a spill on the CFI Site was reasonably foreseeable under the circumstances.

80. CFI had a duty to use reasonable care to prevent the migration of petroleum from the CFI Site to the Faucet Works Site, and to take reasonable precautions to minimize damage to the Faucet Works Site from any such migration of petroleum.

81. CFI has breached its said duty owed to Plaintiff Faucet Works.

82. CFI is liable to Plaintiff Faucet Works in negligence for compensatory damages for all losses of Plaintiff Faucet Works proximately caused by the CPD Spill, including diminution in property value, loss of business turnover and profit, and damage to business goodwill, in an amount to be proven at trial, but no less than $2,000,000.00, plus interest, costs and attorneys' fees.

11

## TENTH CAUSE OF ACTION
### (Negligence Against CFI on Behalf of Plaintiff Frank Sabia)

83.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

84.     It was reasonably foreseeable under the circumstances that the migration of petroleum from the CFI Site to the Faucet Works Site would cause the air in the building at the Faucet Works Site to become contaminated with VOCs, including BTEX and other toxic compounds.

85.     It was reasonably foreseeable under the circumstances that persons exposed to such contaminated air would suffer personal injury.

86.     CFI had a duty to use reasonable care to prevent the migration of petroleum from the CFI Site to the Faucet Works Site, and to take reasonable precautions to minimize the danger of personal injury to persons exposed to airborne contaminants caused by any such migration of petroleum.

87.     CFI has breached its said duty by failing to prevent such migration of petroleum or to take such precautions.

88.     Plaintiff Frank Sabia was exposed to such contaminants as a result of CFI's negligence.

89.     Plaintiff Frank Sabia's heart disease, chronic neurological damage, impaired vision, damage to his liver and kidneys, chronic fatigue, and depression, all have been and will be aggravated by such exposure to such contaminants.

90.     CFI is liable for all of Plaintiff Frank Sabia's personal injuries, pain and suffering, mental anguish, loss of consortium, medical costs and other expenses proximately caused by the CFI's negligence, in an amount to be proven at trial but in any event not less than $5,000,000.

12

### ELEVENTH CAUSE OF ACTION
#### (Trespass against CPD on behalf of Plaintiff Faucet Works)

91.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

92.     CPD intentionally or recklessly caused the CPD Spill.

93.     CPD intentionally or recklessly failed to abate the migration of petroleum from the CPD Site to the Faucet Works Site.

94.     CPD had good reason to know or expect that contamination would invade the soil and groundwater at the Faucet Works Site.

95.     Plaintiff Faucet Works has been and continues to be unable to use and enjoy the Faucet Works Site in the manner in which it desires as a result of the contamination of the Faucet Works Site.

96.     CPD's actions have interfered with the Plaintiff Faucet Works's use and enjoyment of the Faucet Works Site.

97.     CPD is liable to Plaintiff for compensatory damages for trespass to property in an amount to be proven at trial, but no less than $2,000,000.00, plus interest, costs and attorneys' fees.

### TWELFTH CAUSE OF ACTION
#### (Trespass against CFI on behalf of Plaintiff Faucet Works)

98.     Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

99.     CFI intentionally or recklessly caused the CFI Spill.

100.    CFI intentionally or recklessly failed to abate the migration of petroleum from the CFI Site to the Faucet Works Site.

13

101.    CFI had good reason to know or expect that contamination would invade the soil and groundwater at the Faucet Works Site.

102.    Plaintiff Faucet Works has been and continues to be unable to use and enjoy the Faucet Works Site in the manner in which it desires as a result of the contamination of the Faucet Works Site.

103.    CPD's actions have interfered with the Plaintiff Faucet Works's use and enjoyment of the Faucet Works Site.

104.    CFI is liable to Plaintiff for compensatory damages for trespass to property in an amount to be proven at trial, but no less than $2,000,000.00, plus interest, costs and attorneys' fees.

**THIRTEENTH CAUSE OF ACTION**
(Nuisance against CPD on Behalf of Plaintiff Faucet Works)

105.    Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

106.    Plaintiff Faucet Works has been deprived of its ability to use and enjoy its property as a result of the petroleum contamination caused by acts and omissions of CPD.

107.    By its acts and omissions in willfully, intentionally or with reckless disregard for the rights of Plaintiff, causing discharge of petroleum contamination from the CPD Site to the Faucet Works Site, failing to abate the migration of petroleum to the Faucet Works Site, and failing to restore the Faucet Works Site to its pre-spill condition, CPD has substantially interfered with the Plaintiff's use and enjoyment of the Faucet Works Site.

108.    CPD is liable to abate the nuisance at the Faucet Works Site, and for damages that the Plaintiff has sustained, and continues to sustain, as a result of the nuisance, including, but not

14

limited to, diminution in property value, as well as physical discomfort, annoyance and inconvenience, in an amount to be proven at trial, but no less than $2,000,000.00, plus interest, punitive damages, costs and attorneys' fees.

### FOURTEENTH CAUSE OF ACTION
(Nuisance Against CFI on Behalf of Plaintiff Faucet Works)

109.    Plaintiffs repeat and reallege all of the foregoing allegations as if fully set forth herein.

110.    Plaintiff Faucet Works has been deprived of its ability to use and enjoy its property as a result of the petroleum contamination caused by acts and omissions of CFI.

111.    By its acts and omissions in willfully, intentionally or with reckless disregard for the rights of Plaintiff, causing discharge of petroleum contamination from the CFI Site to the Faucet Works Site, failing to abate the migration of petroleum to the Faucet Works Site, and failing to restore the Faucet Works Site to its pre-spill condition, CFI has substantially interfered with the Plaintiff's use and enjoyment of the Faucet Works Site.

112.    CFI is liable to abate the nuisance at the Faucet Works Site, and for damages that the Plaintiff has sustained, and continues to sustain, as a result of the nuisance, including, but not limited to, diminution in property value, as well as physical discomfort, annoyance and inconvenience, in an amount to be proven at trial, but no less than $2,000,000.00, plus interest, punitive damages, costs and attorneys' fees.

**WHEREFORE**, Plaintiffs pray for relief as follows:

(1) Judgment in favor of Plaintiff Faucet Works against CPD on Plaintiffs' First Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000;

15

(2) Judgment in favor of Plaintiff Frank Sabia against CPD on Plaintiffs' Second Cause of Action, in an amount to be determined at trial but in any event not less than $5,000,000;

(3) Judgment in favor of Plaintiff Faucet Works against CFI on Plaintiffs' Third Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000

(4) Judgment in favor of Plaintiff Frank Sabia against CFI on Plaintiffs' Fourth Cause of Action, in an amount to be determined at trial but in any event not less than $5,000,000;

(5) Judgment in favor of Plaintiff Faucet Works against the John Doe insurers on Plaintiffs' Fifth Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000.

(6) Judgment in favor of Plaintiff Frank Sabia against the John Doe insurers on Plaintiffs' Sixth Cause of Action, in an amount to be determined at trial but in any event not less than $5,000,000.

(7) Judgment in favor of Plaintiff Faucet Works against CPD on Plaintiffs' Seventh Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000;

(8) Judgment in favor of Plaintiff Frank Sabia against CPD on Plaintiffs' Eighth Cause of Action, in an amount to be determined at trial but in any event not less than $5,000,000.

16

(9) Judgment in favor of Plaintiff Faucet Works against CFI on Plaintiffs' Ninth Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000;

(10) Judgment in favor of Plaintiff Faucet Works against CFI on Plaintiffs' Tenth Cause of Action, in an amount to be determined at trial but in any event not less than $5,000,000;

(11) Judgment in favor of Plaintiff Faucet Works against CPD on Plaintiffs' Eleventh Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000;

(12) Judgment in favor of Plaintiff Faucet Works against CFI on Plaintiffs' Twelfth Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000;

(13) Judgment in favor of Plaintiff Faucet Works against CPD on Plaintiffs' Thirteenth Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000;

(14) Judgment in favor of Plaintiff Faucet Works against CFI on Plaintiffs' Fourteenth Cause of Action, in an amount to be determined at trial but in any event not less than $2,000,000;

17

Dated: White Plains, New York
        October 19, 2018

                                      Yours, etc.,

                                      **CERMELE & WOOD LLP**

                                      _____

                                      Mark Cermele
                                      Eric Lindquist
                                      *Attorneys for the Plaintiffs*
                                      2 Westchester Park Drive, Ste. 110
                                      White Plains, New York 10604
                                      (914) 967-2753